IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                                      Criminal No. 2:09CR21

WESLEY A. MAYES,
                Defendant.

## **ORDER/OPINION**

On the 9TH day of February 2010, Defendant, Wesley Mayes, and Assistant United States Attorney, Stephen Warner, all appeared before the undersigned at the Elkins Point of Holding Court pursuant to a Petition for Action on Conditions of Pretrial Release filed in this case on February 5, 2010 [DE 69]. Counsel for Defendant was not present.

      The petition alleges:

The Defendant violated Mandatory Condition (2) requiring "[t]he defendant shall immediately advise the Court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number" by failing "to comply with this condition since being placed on pretrial release in that during the month of January 2010, the defendant changed his place of residence without notifying his supervising officer and before notifying the Court, defense counsel and the U.S. Attorney in writing of the said change."

The Defendant violated Additional Conditions 8(p) requiring "[t]he defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S. c. §802, unless prescribed by a licensed medical practitioner by reporting to the United States Probation on January 28, 2010, while at the code-a-phone testing site, that he had used a prescription medication without a valid prescription and thereafter submitting a urine specimen which tested presumptively positive for oxycodone and thereafter was returned negative by a confirmatory lab.

The Defendant violated Additional Condition 9(r) requiring that "[t]he defendant shall participate in a program or inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable" by failing to attend a substance abuse counseling session with Dr. Stein of Primary Psychological Care, as scheduled."

      It appears the matter was not noticed for hearing and counsel for Defendant did not receive

formal notice of the scheduled hearing, notwithstanding that there were actual emails between Counsel for Defendant and Counsel for the Government which, in effect, showed that Counsel for Defendant was actually aware of the hearing. It further appears to the Court that the US Probation Office initially requested only a summons and that Defendant's conditions be modified to include a term of home incarceration with electronic monitoring. It further appears that Defendant is on release post guilty plea and is scheduled for sentencing on March 8, 2010.

For reasons stated on the record, Defendant's conditions of release are temporarily modified to include home incarceration with electronic monitoring to be paid for by the United States pending the further Order of the Court.

The hearing on the petition is rendered moot by a term of home incarceration with electronic monitoring having been added to Defendant's Order Setting Conditions of Release and this Order Grants the Petition only insofar as it seeks to ad a term of home incarceration with electronic monitoring to Defendant's Order Setting Conditions of Release . Defendant may request a hearing on the continuation of said additional condition of release term between now and Defendant's Sentencing Hearing.

It is so **ORDERED**.

The Clerk of the court is directed to send a copy of this order to counsel of record.

DATED: February 10, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE